Bennett
v.
Hartford Fire
Ins. Co.

BENNETT *vs.* THE HARTFORD FIRE INSURANCE COMPANY.

An attachment against a foreign corporation, sued out for the recovery of debt
or damages, must be tested and made returnable in the supreme court, in
the same manner as process against individuals in personal actions is tested
and returned.

On return made that the property of the defendants has been attached, the
party suing out the process may cause the appearance of the defendants to
be entered, and may file a declaration, enter rule to plead and proceed to
judgment, in like manner as in suits against individuals.

During the sitting of the supreme court, an attachment against a foreign cor-
poration can be obtained only by motion in open court, and cannot be issued
upon the allocatur of a judge or commissioner, who are authorized to allow
the issuing of the writ only in vacation.

Oct. 1837.       ATTACHMENT against *foreign corporation.* On the *twelfth*
day of July, 1837, during the *July term* of the supreme
court, and whilst the court was in *actual session* an *attach-
ment* was allowed and issued by a supreme court commis-
sioner at the instance of the plaintiff, commanding the sheriff
of Cayuga to attach and safely keep all the estate real
and personal of the Hartford Fire Insurance Company in
his bailiwick, that he make and return an inventory of the
property so seized, pursuant to the statute, and that he have
the same before the justices of the supreme court of judica-
ture, at the academy in the city of Utica, on the *fifteenth*
day of July (then) instant, together with the writ and a cer-
tificate of the manner in which he had executed the same.
The attachment was *tested* on the first Monday of July,
1837, and was issued against the defendants as a *foreign
corporation,* under the statute, 2 R. S. 459, § 15. The
sheriff made return that on the 14th day of July he attached
three *blank policies of insurance* and seven *blank renewal
receipts,* the property of the defendants, and that he had
made an inventory of the same—which inventory he return-
ed, and in it the value of the property attached was stated
at $\frac{33}{100}$. On the return and filing of the attachment, to wit,
on the 15th July, the plaintiff's attorney caused the appear-
ance of the corporation to be entered; on the 1st August
filed a declaration and entered the usual rule to plead, and

on the 22d August entered a default for not pleading. A motion was made, in behalf of the defendants, to set aside the attachment and all subsequent proceedings, for irregularity.

*S. Stevens,* for the defendants.

*S. A. Goodwin & A. Taber,* for the plaintiff.

*By the Court,* COWEN, J. It is objected that the defendants have no right to appear, even for the purposes of this motion, except by leave of the court first obtained, according to the statute " of proceedings by and against corporations in courts of law, 2 R. S. 2d ed. 373, 376, § 27. The appearance contemplated by that section is for the purposes of a defence on the merits ; not to set aside the proceedings for irregularity. For the latter purpose the defendants may appear of course.

Then are the proceedings irregular? An objection is made to the form of the writ and the mode of issuing it. The statute cited, p. 375, § 15, gives to a resident of this state the right to commence a suit in the supreme court against a foreign corporation by attachment. Section 16, declares, that the court, or any judge thereof in vacation, and any officer authorized to perform the duties of such judge in vacation, may, on the application of the plaintiff, issue such attachment to the sheriff of the county in which any property of such corporation may be, commanding him to attach and safely keep all the estate, real and personal of such corporation. Sections 17, 18, 19 and 20 provide for the proof and bond on which the application is to be founded. Section 21 directs the sheriff to proceed thereon in all respects as provided by law in case of absconding or absent debtors; he is to make and return an inventory, and keep the property, or proceeds if sold, to answer the judgment in the suit so commenced. Sections 22, 23 and 24 provide for the sale and disposition of attached vessels and perishable property. In such case the same proceedings are again directed as in case of absconding or absent

ALBANY,
Oct. 1837.

Bennett
v.
Hartford Fire
Ins. Co.

debtors; but the two latter sections make special provision as to the manner in which the avails of perishable property or vessels sold, or any bond to be taken upon their liberation, shall be appropriated to satisfy such judgment as shall be obtained, and directs the sheriff when to sell other property to pay the balance. By section 25, if the plaintiff be non-suited, or discontinue, or judgment pass against him, the sheriff is to deliver the property attached to the defendants, in the same manner and on the same terms as are prescribed in the case of an absent debtor being discharged. Section 26 prescribes the penalty if any *such suit* be brought vexa-tiously, and section 27 that at any time before the plaintiff in *such suit shall have lost a trial*, and afterwards on good cause shown, the court may allow the corporation to appear and defend on terms. Sections 28 and 29 provide that the attachment may be discharged on giving security to pay the judgment. Section 30 provides that where more than one attachment shall, during the same term or same vacation, issue against the defendants, the *court shall*, after judgment, *distribute* the proceeds of the property rateably among the plaintiffs. Upon this statute the plaintiff framed his attach-ment with a teste and return day, the same as any other pro-cess to compel appearance, and affixed the names of our clerks.

The frequent allusion to the statute concerning *absent* and *absconding debtors* led the defendant's counsel to sup-pose that the form of the writ should have followed that act, being signed by and made returnable before the officer by whom it issues. See the form in Yates' Pl. 649, 50. In this he is clearly wrong. The statute evidently means to provide for an *attachment*, to come in place of the *summons* against a domestic corporation, tested and returnable in the same manner according to the directions of the 4th section. The process by attachment is, like the summons, for the purpose of commencing a suit, which on its return shall proceed to trial and judgment in the ordinary way; and all the proceedings are to be in the usual form, except in some things so nearly resembling the like steps against abscond-ing and absent debtors, that the statute relative to them was,

on these heads, for brevity adopted—we have already noticed in what respects.  It was regular, as has been done in this instance, to enter the defendant's appearance and take a default in the usual way, (section 6,) provided the writ was regularly issued.

But I think the writ was not issued by the proper officer. It is a new process unknown to the common law, a mere creature of the statute, and can have no legal existence unless the forms of creation prescribed by the statute are strictly pursued.  We have seen that by the 16th section, " the court, or *any judge thereof in vacation*, and any officer authorized to perform the duties of such judge, *in vacation*, may, on the application of such plaintiff, *issue such attachment*."  By the 17th section, the application is to be in writing, with affidavits of the debt or damages claimed ; and by the 18th and 19th the original security or accounts shall be produced, or copies annexed to the affidavit, or, if the suit be for damages, the facts and circumstances are to be shown by at least one disinterested witness.  By the 20th section, a bond is to be taken to the defendant, with sureties *to be approved by the officer to whom the application is made*, conditioned to pay all costs, &c. which, *by the officer receiving the same*, shall be filed with the clerk.  The statute is worded in such a way as not verbally to harmonize with proceedings in analogous cases, and not in all instances with its own provisions.  The court or officer is to *issue* instead of *allow* the writ, and *the officer*, not the *court or officer*, is to approve the sureties and file the bond.  The meaning, however, is sufficiently plain.  The *issuing* of the writ is evidently intended to be synonymous with the granting or allowing it in analogous cases.  In court, this is to be done on motion, and by rule ; while the officer in vacation may endorse his allowance.  The same distinction of form must prevail as to the approval of the bond.  The court speaks by *rule*, the officer by his *allocatur*.  The allowance, therefore, was well enough in the instance before us ; but unfortunately, it was allowed by a commissioner while we were in actual session at a regular term (July) in the city of Utica. I have already adverted to the terms of the statute, which

ALBANY,
Oct. 1837.

Avery
v.
Slack.

prescribes the *court* and *officers* who may allow the writ. The court is to be moved if in session, I should say if in *actual session*, for then only is there a court which can allow the writ. Next any judge or commissioner in vacation ; that is, in default of there being any court to which you can apply, you may go to a judge, or which is the same thing, his substitute, a commissioner. There are, in short, only two alternative tribunals, limited in their action as to *time ;* the court or *a judge in vacation*. Here is neither. There is a judge (commissioner) but *not in vacation*. He has acted in term time. I do not read the words " in vacation," in the last clause, as merely qualifying the person who is to act. The statute would not have used the words " *in vacation*," had it meant a simple alternative as to the officers who were to allow. It would then have run thus : " The court or a judge, or a commissioner to perform the duties of a judge," may issue the writ. There is no such officer as a commissioner to perform the duties of a judge in *vacation*. The title stands independent of the last words ; and to my apprehension they are plainly restrictive as to *the time* when and *when only* the judge or commissioner may act.

The writ and all subsequent proceedings must, therefore, be set aside, with costs.